### ALLEN TRUST COMPANY,
*Appellant,*

*v.*

### COWLITZ BANK
and Ronald W. Harriman,
*Respondents.*

Multnomah County Circuit Court
030891392; A128473

159 P3d 319

James R. Cartwright and Matthew Whitman for petition.

Jan K. Kitchel, Andrew J. Lee, and Schwabe, Williamson & Wyatt, P.C. for response.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Leonard, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

Respondent Ronald W. Harriman seeks reconsideration of our previous opinion in this case. *Allen Trust Company v. Cowlitz Bank*, 210 Or App 648, 152 P3d 974 (2007). We grant the petition in order to clarify our opinion in one respect, and we adhere to our opinion with that clarification.

Respondent recognizes that, in an appeal from the grant of a motion for summary judgment, we must review the facts most favorably to the nonmoving party. He argues, however, that in the following statement we went beyond that role and found facts in a way that will be binding on the trial court on remand:

> "The evidence in the record before us also shows that Allen Trust was a trustee *de facto* when it administered the trust. That evidence shows that Allen Trust exercised the duties of the office and that Allen Trust assumed the office under a color of right or title, reasonably believing * * * that it was the trustee."

*Allen Trust Company*, 210 Or App at 660. Respondent is correct that it is possible to read that statement, taken by itself, as a conclusive determination of what the record establishes. He is also correct that it would not be appropriate for us to make such a determination against a party that successfully moved for summary judgment when, as in this case, the appealing party did not assign error to the denial of a cross-motion for summary judgment. *See Staffordshire Investments, Inc. v. Cal-Western*, 209 Or App 528, 531, 149 P3d 150 (2006). In the context of our opinion as a whole, however, the statement does not have the meaning that respondent suggests.

We introduced our discussion of the facts in this case by noting that, because the trial court granted respondent's motion for summary judgment, we would state the facts "most favorably to Allen Trust, drawing all inferences in its favor." *Allen Trust Company*, 210 Or App at 650. We later introduced our discussion of the legal issues by describing our standard of review:

"Because the court ruled on a motion for summary judgment, we must decide whether there is evidence that would support Allen Trust's entitlement under the terms of the trust to compensation for its services as trustee and to use trust funds to pay its attorney in the original hearing."

*Id.* at 653. Those two statements framed our discussion of the facts of the case. Throughout that discussion, we described those facts most favorably to Allen Trust in order to determine whether the trial court properly had granted summary judgment against it; we did not consider it necessary to repeat that standard each time we mentioned a fact. The statements to which respondent objects are determinations that it is possible to draw from the record; we did not suggest that no other determinations were possible. We clarify our opinion in that regard.

Respondent also argues that the statements in the last paragraph of the opinion concerning Allen Trust's entitlement to compensation if it was a trustee *de facto* involve legal issues that were not properly before us. Those statements are inherent in the issues that the parties raised and the cases that we discussed. Contrary to respondent's argument, we doubt that they will confuse the parties or the trial court on remand. We therefore adhere to them.

Reconsideration allowed; former opinion clarified and adhered to as clarified.